## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JERRY WRIGHT, on behalf of himself and others similarly situated, | Case No. 1:18-cv-05968 |
| Plaintiff, | |
| v. | |
| ENDURANCE WARRANTY SERVICES, LLC and ENDURANCE DEALER SERVICES, LLC, | **JURY TRIAL DEMANDED** |
| Defendants. | |

## CLASS ACTION COMPLAINT

Plaintiff Jerry Wright ("Plaintiff"), individually and on behalf of others similarly situated, alleges the following against Endurance Warranty Services, LLC and Endurance Dealer Services, LLC (together, "Endurance" or "Defendant").

### SUMMARY OF THE ACTION

1.      Defendant, or an agent acting on its behalf, repeatedly called Plaintiff's cellular phone for the purpose of encouraging the purchase of its vehicle service contracts.  Defendant used an automatic telephone dialing system ("ATDS") to make these calls.

2.      Plaintiff has never done business with Endurance, and he has never purchased any goods or services from Endurance.  Plaintiff never consented to receive calls from Endurance.  Plaintiff asked the Endurance employees or agents to stop calling him, but continued to receive calls after making this request.

3.      Plaintiff brings this class action for damages and other equitable and legal remedies resulting from Defendant's violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

1

## PARTIES

4.     Defendants Endurance Warranty Services, LLC and Endurance Dealer Services, LLC share the same headquarters, which is located at Northbrook, Illinois.  Endurance is one of the largest providers of vehicle service contracts in the United States.[1]

5.     Plaintiff Jerry Wright resides in Augusta, Georgia.  He is a business-to-business salesman who focuses on the sale of office and janitorial supplies.

## JURISDICTION AND VENUE

6.     This Court has original jurisdiction under 28 U.S.C. § 1331 based on Plaintiff's claims under the TCPA, 47 U.S.C. § 227, *et seq*.

7.     This Court has personal jurisdiction over Defendant because its principal place of business is within this District, and it has sufficient minimum contacts in Illinois to render the exercise of jurisdiction by this Court proper and necessary.

8.     Venue is likewise proper in this District under 28 U.S.C. § 1391(b) because Defendant's principal place of business is within this District.

## FACTUAL ALLEGATIONS

**A.     Defendant or its Agent Used an Autodialer to Make Telemarketing Calls to the Cellular Phone Numbers of Plaintiff and Other Consumers.**

9.     Defendant or an agent acting on its behalf repeatedly called Plaintiff's cellular phone number for the purpose of encouraging him to purchase Defendant's vehicle service contracts.  For example, Plaintiff received Defendant's calls from the following phone numbers: (229) 632-3111, (706) 325-9185, and (706) 418-5958.  Plaintiff also received Defendant's calls from other phone numbers.

---

[1] https://www.enduranceds.com/about; https://www.endurancewarranty.com/portal/login (last visited Aug. 30, 2018).

10. The content of every call is substantially the same: a representative informs Plaintiff that his car warranty has expired and offers to sell him an extended service contract.

11. The calls do not clearly state the name of the entity—Endurance—on whose behalf the calls are made. Instead, the callers vaguely state that they are calling from a "vehicle processing center" or "vehicle services division." The calls also do not provide a phone number that called parties can call back to make a do-not-call request.

12. Plaintiff answered many of these calls, explained that he is not interested, and asked to be removed from the calling list. In response to this request, several representatives simply disconnected the line. Other representatives told Plaintiff that they would take him off the calling list, but Defendant or its agent continued to call Plaintiff's cellular phone.

13. Plaintiff began receiving Defendant's calls on June 19, 2018, and requested to be placed on Defendant's do-not-call list that same day. Despite repeated requests, Plaintiff continued to receive the same calls through at least July 23, 2018.

14. After receiving several of these calls, Plaintiff received a letter from Defendant dated July 3, 2018. The letter includes the Endurance name and logo at the top, and states, "[o]ur records indicate you have received multiple notices and have not contacted us to update your auto file." Plaintiff has received no other correspondence from Endurance and believes that "multiple notices" refers to the calls he has received.

15. The letter further explains that Plaintiff "may have been selected to receive [a] special limited time offer from Endurance Warranty Services…. *This is an advertisement to obtain coverage.*" (emphasis in original). A copy of the letter Plaintiff received is attached hereto as Exhibit A.

16.     After receiving this letter, Plaintiff continued to receive calls from Defendant or its agent.  After answering one of these calls, Plaintiff was connected with an agent who identified himself as "Irving."  Irving informed Plaintiff that he was calling from the Vehicle Maintenance Division and asked Plaintiff if he had received the letter concerning Plaintiff's car warranty.  During the call, Irving confirmed that he worked for the company that sent Plaintiff the letter attached hereto as Exhibit A.

17.     To the extent that an agent of Defendant made these calls, the volume and frequency of the calls indicate, and Plaintiff hereby alleges, that Defendant controlled and approved the content of the calls.  Defendant, moreover, knew of, but failed to stop these calls from being made to consumers' cellular phones without their prior express written consent.

18.     Plaintiff did not provide his cellular phone number to Defendant, and he did not consent to receive these calls.  Plaintiff has no prior relationship with Defendant.

19.     Other consumers report that they have received similar calls from Endurance,[2] and at least one journalist has commented that Endurance is "aggressively hammering your phone and mailbox."[3]

20.     Consumers report that they have received "robocalls" from Defendant,[4] which indicates that Endurance uses artificial or pre-recorded voices to place its calls.

---

[2] *E.g.*, https://www.complaintsboard.com/complaints/endurance-warranty-services-northbrook-illinois-c381490.html (last visited Aug. 30, 2018); https://findwhocallsyou.com/8442017648?CallerInfo (last visited Aug. 30, 2018); https://www.showcaller.us/8442017648 (last visited Aug. 30, 2018); *see also* https://800notes.com/Phone.aspx/1-877-413-6377/4  (last visited Aug. 30, 2018).
[3] http://www.augustachronicle.com/business/20180319/auto-bits-if-you-own-car-and-phone-youre-ripe-for-extended-warranty-scam (last visited Aug. 30, 2018).
[4] https://www.bbb.org/chicago/business-reviews/auto-warranty-processing/endurance-warranty-services-l-l-c-in-northbrook-il-88077689/reviews-and-complaints (last visited Aug. 30, 2018) (For example, on 12/2/2017 a consumer lodged an "advertising/sales issues" comment stating that "The company is sending me regular robocalls and letters stating that my car warranty is expired.")

4

21. Defendants' internal do-not-call policy is insufficient, and its calling practices are such that it willfully makes telemarketing calls to persons and telephone numbers that are—or should be—on its do-not-call list.

22. Each call that Defendant or its agent sent after Plaintiff asked to be taken off the calling list was knowing or willful.

23. Defendant is aware of the TCPA's prohibitions against the use of automatic dialing systems to make telemarketing to cellular phones without the prior express written consent of the called party. Defendant intentionally or willfully caused autodialed, telemarketing calls to be made to the cellular phones of Plaintiff and other consumers without their prior express written consent.

**B.      Defendant Used an Automatic Telephone Dialing System.**

24. Defendant or its agent called Plaintiff on his cellular phone using an ATDS. When Plaintiff answered Defendant's calls and said "hello," there was a time interval before a representative joined the line, which is characteristic of an automated dialer.

25. Endurance is one of the largest providers of vehicle services contracts in the United States.[5] Endurance claims to have paid more than 100 million dollars in claims, and represents that it continues to be the industry's fastest growing vehicle service contract provider.[6] The scale of Defendant's business requires a sophisticated phone system capable of storing phone numbers and dialing them automatically. In order to continue growing rapidly and receive funding from investors, Defendant must aggressively market its services to sign up new customers.

---

[5] https://www.enduranceds.com/about (last visited Aug. 30, 2018).
[6] *Id.*

26.     The equipment used to call Plaintiff and others not only had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, but was programmed to sequentially or randomly access stored telephone numbers to automatically call such numbers for the calls that are the subject of this case.  The equipment generated, and then stored, a sequence of telephone numbers for calling, and then automatically called those numbers. The calls were made with equipment capable of dialing numerous phone numbers in a short period of time without human intervention.

**C.     Defendant's Violations of the TCPA Harmed Plaintiff.**

27.     Plaintiff carries his cellular phone with him at most times so he can be available to family, friends, and his employer.

28.     Defendant's repeated calls invaded Plaintiff's privacy and intruded upon his right to seclusion.  The calls frustrated and upset Plaintiff by interrupting his daily life, and wasted his time by requiring Plaintiff to retrieve and administer messages left by Defendant's calls.

29.     Defendant's calls intruded upon and occupied the capacity of Plaintiff's cellular phone and depleted the battery of Plaintiff's cellular phone.  The calls temporarily seized and trespassed upon Plaintiff's use of his cellular phone, and caused him to divert attention away from other activities to address the calls.  The clutter of Defendant's calls also impaired the usefulness of the call log feature of Plaintiff's cellular phone.

## CLASS ACTION ALLEGATIONS

30.     Plaintiff brings this lawsuit under Federal Rules of Civil Procedure Rules 23(a), (b)(2), and (b)(3) as a representative of the following two classes:

> Autodialer Class:  Each person within the United States who (i) received any telephone call from Defendant or Defendant's agent; (ii) to said person's cellular telephone; (iii) through the use of an automatic telephone dialing

system and/or with an artificial or prerecorded voice; (iii) which call was not made with the recipient's prior express written consent; and (iv) which call was made for the purpose of encouraging the purchase of goods or services.

<u>Internal Do-Not-Call Class</u>: All persons who (i) received two or more calls within twelve months of each other; (ii) from Defendant or Defendant's agent, (iii) which calls were made for the purpose of encouraging the purchase of goods or services.

31.     Excluded from the Classes are Defendant, its employees, agents and assigns, and any members of the judiciary to whom this case is assigned, their respective court staff, and the parties' counsel in this litigation.  This suit seeks only damages for recovery of economic injury and injunctive relief on behalf of the Class; it does not seek recovery for personal injury and claims related thereto.  Because auto-dialing equipment maintains records of each contact, members of the above-defined Class can be identified through Defendant's records.

32.     **Numerosity**.  The exact size of the class is information within the exclusive knowledge of Defendant, but Plaintiff believes there are at least thousands of members in each Class.  This allegation is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.  This allegation is based on the following allegations: (i) many consumers have lodged public complaints about unwanted calls received from Defendant or its agent,[7] (ii) Defendant is a large and rapidly growing provider of vehicle service contracts that engages in nationwide marketing campaigns; and (iii) the purpose of automated dialers is to call numerous persons in a short amount of time.

---

[7] *E.g.*, https://800notes.com/Phone.aspx/1-877-413-6377/2 (last visited Aug. 30, 2018); https://www.complaintsboard.com/complaints/endurance-warranty-services-northbrook-illinois-c381490.html (last visited Aug. 30, 2018); *see also* http://www.moberlymonitor.com/business/20180319/auto-bits-if-you-own-car-and-phone-youre-ripe-for-extended-warranty-scam (last visited Aug. 30, 2018).

33.     The alleged size and geographic dispersal of the Class makes joinder of all Class members impracticable.

34.     **Commonality and Predominance**.  Common questions of law and fact exist with regard to each of the claims and predominate over questions affecting only individual Class members.  Questions common to the Class include:

(a)     Whether Defendant's (or its agent's) dialing system(s) constitute an automatic telephone dialing system under the TCPA and/or the FCC's rules;

(b)     Whether Defendant or its agent used an automatic telephone dialing system to place telemarketing calls to the cellular telephone numbers of Plaintiff and Class members without their prior express written consent;

(c)     Whether Defendant or its agent used an artificial or prerecorded voice in connection with the placement of non-emergency calls to the cellular telephone numbers of Plaintiff and Class members without their prior express consent;

(d)     Whether Defendant's internal do-not-call compliance mechanisms, if any, comply with 47 C.F.R. § 64.1200(d);

(e)     Whether Defendant's telephone calls were made knowingly or willfully;

(f)     Whether Plaintiff and Class members were damaged by receiving such calls, and the extent of those damages; and

(g)     Whether Defendant should be enjoined from engaging in such conduct in the future.

35.     **Typicality**.  Plaintiff's claims are typical of the claims of the Class, in that Plaintiff, like all Class members, has been injured by Defendant's uniform misconduct—(i) the placement of telemarketing calls on cellular telephones using an automatic telephone dialing

system or an artificial or prerecorded voice without prior express written consent; and (ii) the placement of telemarketing calls without instituting procedures that meet the minimum standards for maintaining an internal do-not-call list.

36. **Adequacy of Representation**. Plaintiff will fairly and adequately protect the interests of the Class, and he is committed to the vigorous prosecution of this action. Plaintiff has retained counsel experienced in complex consumer class action litigation and matters involving TCPA violations.

37. **Superiority**. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the amount of each individual Class member's claim is small relative to the complexity of the litigation, and because of Defendant's financial resources, Class members are unlikely to pursue legal redress individually for the violations detailed in this complaint. Class-wide damages are essential to induce Defendant to comply with Federal law. Individualized litigation would significantly increase the delay and expense to all parties and to the Court and would create the potential for inconsistent and contradictory rulings. By contrast, a class action presents fewer management difficulties, allows claims to be heard which would otherwise go unheard because of the expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale, and comprehensive supervision by a single court.

38. Class certification is also appropriate under Rule 23(b)(2) because Defendant has acted and refused to act on grounds that apply generally to the Class such that final injunctive and/or declaratory relief is warranted with respect to the Class as a whole.

**FIRST CLAIM FOR RELIEF**
**Negligent Violation of the Telephone Consumer Protection Act**
**47 U.S.C. § 227, *et seq.***
**(On Behalf of the Autodialer Class)**

39.     Plaintiff incorporates the above allegations by reference.

40.     Defendant or its agent used an automatic telephone dialing system and/or an artificial or prerecorded voice to make non-emergency calls to the cellular telephone numbers of Plaintiff and Class members, without their prior express consent.

41.     The foregoing acts and omissions constitute negligent violations of the TCPA, including, but not limited to, violations of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. §§ 64.1200(a)(1)(iii) and 64.1200(a)(2).

42.     Under 47 U.S.C. § 227(b)(3)(B), and as a result of the alleged negligent violations of the TCPA, Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each and every call placed in violation of the TCPA.

43.     Plaintiff and Class members are also entitled to and seek injunctive relief prohibiting future violations of the TCPA.

**SECOND CLAIM FOR RELIEF**
**Knowing or Willful Violation of the Telephone Consumer Protection Act**
**47 U.S.C. § 227, *et seq.***
**(On Behalf of the Autodialer Class)**

44.     Plaintiff incorporates the above allegations by reference.

45.     Defendant or its agent used an automatic telephone dialing system and/or an artificial or prerecorded voice to make non-emergency calls to the cellular telephone numbers of Plaintiff and Class members, without their prior express consent.

46. The foregoing acts and omissions constitute knowing and/or willful violations of the TCPA, including, but not limited to, violations of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. §§ 64.1200(a)(1)(iii) and 64.1200(a)(2).

47. Pursuant to 47 U.S.C. § 227(b)(3), and as a result of the alleged knowing and/or willful violations of the TCPA, Plaintiff and Class Members are entitled to an award of $1,500.00 in statutory damages for each and every call placed in violation of the statute.

**THIRD CLAIM FOR RELIEF**
**"Internal Do Not Call" Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §§ 227, *et seq.***
**(On Behalf of the Internal Do-Not-Call Class)**

48. Plaintiff incorporates the above allegations by reference

49. Defendant or it's agent made two or more telemarketing calls within twelve months of each other to Plaintiff and Class members without instituting procedures that meet the minimum standards of 47 C.F.R. § 64.1200(d). For example, Defendant's telemarketing messages did not clearly state the identity of the caller at the beginning of the message, did not clearly state Defendant's telephone number, and did not provide a phone number that called parties can call back to make a do-not-call request.

50. Defendant did not honor Plaintiff's and Class members' requests to be placed on its do-not-call list and to not receive calls from or on behalf of Defendant.

51. Pursuant to 47 U.S.C. § 227(c)(5)(B), and as a result of the alleged violations of the TCPA, Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each violation. Pursuant to 47 U.S.C. § 227(c)(5)(C), Plaintiff and Class members are entitled to treble damages for each knowing or willful violation.

52. Plaintiff and Class Members are also entitled to and seek injunctive relief prohibiting future violations of the TCPA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Classes defined above, respectfully requests that this Court:

(a)     Determine that the claims alleged herein may be maintained as a class action under Federal Rule of Civil Procedure 23, and issue an order certifying the classes defined above and appointing Plaintiff as the Class representative;

(b)     Award $500 in statutory damages for each and every call that Defendant negligently placed in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

(c)     Award $1,500 in statutory damages for each and every call that Defendant willfully or knowingly placed in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

(d)     Award $500 in statutory damages for each and every call that Defendant negligently placed in violation of 47 U.S.C. § 227(c)(5) of the TCPA;

(e)     Award $1,500 in statutory damages for each and every call that Defendant willfully or knowingly placed in violation of 47 U.S.C. § 227(c)(5) of the TCPA;

(f)     Grant appropriate injunctive and declaratory relief, including, without limitation, an order requiring Defendant to implement measures to stop future violations of the TCPA;

(g)     Award costs, expenses, and attorneys' fees to the extent permitted by law; and

(h)     Grant such further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

Dated: August 30, 2018        Respectfully submitted,

By: /s/ Alexander H. Burke

Alexander H. Burke
Daniel J. Marovitch
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
Tel: (312) 729-5288
aburke@burkelawllc.com
dmarovitch@burkelawllc.com

Daniel C. Girard (ID No. 114826)
Simon S. Grille (ID No. 294914)
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California 94108
Tel: (415) 981-4800
dcg@girardgibbs.com
sg@girardgibbs.com

*Counsel for Plaintiff and the Proposed Class*